IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

**UNITED STATES OF AMERICA** )
)   CRIMINAL ACTION NO.
    **v.**                  )       2:21cr185-MHT
)              (WO)
**ZSA ZSA BOUVIER COUCH**   )

ORDER

This cause is before the court on defendant Zsa Zsa Bouvier Couch's motion to continue trial. For the reasons set forth below, the court finds that jury selection and trial, now set for September 13, 2021, should be continued pursuant to 18 U.S.C. § 3161.

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in

>which such charge is pending, whichever date last occurs."

§ 3161(c)(1).  The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  § 3161(h)(7)(A).  In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Couch in a speedy trial. Defense counsel represents that the case against his

client is complex and involves extensive discovery.  In addition, counsel has concerns about his client's competence to stand trial and needs time to explore and litigate that issue.  In addition, if his client is found competent, counsel expects the case to go to trial, and he will need significant time to prepare for trial.  A continuance of the trial is therefore warranted and necessary to allow defense counsel adequate time to prepare his case for trial effectively, and to explore and determine competency issues with care and thoroughness.  In addition, the government does not oppose the motion.

***

Accordingly, it is ORDERED as follows:

(1) The motion to continue trial (Doc. 30) is granted.

(2) The jury selection and trial, now set for September 13, 2021, are reset for December 6, 2021, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson

3

Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

The United States Magistrate Judge shall conduct a pretrial conference prior to the December trial term and shall postpone the change-of-plea and any other appropriate deadlines.

DONE, this the 18th day of August, 2021.

                                          /s/ Myron H. Thompson
                                      **UNITED STATES DISTRICT JUDGE**