IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **CRIMINAL ACTION NO.** |
| v. | ) | **2:21cr185-MHT** |
| | ) | (WO) |
| **ZSA ZSA BOUVIER COUCH** | ) | |

ORDER

This cause is before the court on defendant Zsa Zsa Bouvier Couch's oral motion to continue trial, made on the record during the conference call today. For the reasons set forth below, the court finds that jury selection and trial, now set for January 24, 2022, should be continued generally pursuant to 18 U.S.C. § 3161(h)(1)(A) and (7), pending resolution of resolution of the issue of Couch's mental competency.

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in

> an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any continuance based on (a) "delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant," § 3161(h)(1)(A), and on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial," § 3161(h)(7)(A).

The court has received an evaluation concluding that Couch currently is incompetent to stand trial. On the conference call today, the government represented that it would not dispute that finding. The court will shortly set a hearing, with Couch present, to make a determination of competency. Assuming she is found

2

incompetent, Couch will be committed to the custody of the Attorney General for "a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future [s]he will attain the capacity to permit the proceedings to go forward," and if so, for an additional period of treatment, until she is competent to proceed, or until the pending charges "are disposed of according to law." *See* 18 U.S.C. § 4241(d)(1) and (2). Accordingly, a continuance is warranted based on "delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant." 18 U.S.C. § 3161(h)(1)(A).

Additionally, the court concludes that the ends of justice served by granting a continuance outweigh the interest of the public and Couch in a speedy trial. The ends of justice require adequate time to determine the Couch's competency, to attempt to restore her to

3

competency (assuming she is found incompetent), and to hold all necessary hearings. In addition, the government does not oppose the motion for continuance. As the court cannot predict how long the proceedings and treatment will take or their outcome, the jury selection and trial of this cause will be continued generally, pending resolution of the issue of Couch's mental competency.

***

Accordingly, it is ORDERED as follows:

(1) The oral motion to continue trial (Doc. 61) is granted.

(2) The jury selection and trial, now set for January 24, 2022, are continued generally, pending resolution of the issue of defendant Zsa Zsa Bouvier Couch's mental competency.

DONE, this the 10th day of December, 2021.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE

4