IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:21cr185-MHT |
| | ) | (WO) |
| ZSA ZSA BOUVIER COUCH | ) | |

OPINION AND ORDER

On April 7, 2021, defendant Zsa Zsa Bouvier Couch was charged in an indictment with five counts of bank fraud, in violation of 18 U.S.C. §§ 2 and 1344(2); six counts of making false statements to a federally insured bank, in violation of 18 U.S.C. §§ 2 and 1014; and two counts of money laundering, in violation of 18 U.S.C. §§ 2 and 1957(a).  This case is now before the court on three questions:  (1) whether Couch has the mental capacity to stand trial, that is, whether she is currently suffering from a mental disease or defect rendering her mentally incompetent to the extent that she is unable to understand the nature and consequences of the proceedings against her or to assist properly in her defense; (2) whether, if found incompetent, her

competency could be restored; and (3) whether she was sane at the time of the offenses charged.

Based on the evidence presented at a hearing on March 30, 2022, in addition to two psychological reports and the court's own observations of Couch, the court finds by a preponderance of the evidence that she is currently incompetent to stand trial. Accordingly, the court will commit Couch to the custody of the Attorney General, pursuant to 18 U.S.C. § 4241(d)(1), for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future she will attain the capacity to permit the proceedings to go forward. Additionally, the court will order, pursuant to 18 U.S.C. § 4247(b) & (c), that the evaluation of Couch's capacity to regain competency also address the question whether she was sane at the time of the offenses charged. Finally, for the reasons described below, the court will allow Couch to

self-surrender to the appropriate facility designated by the Attorney General.

## I. BACKGROUND

In September 2021, Couch's original defense counsel, John Carlton Taylor, Esq., moved for a competency evaluation of her on the basis that, when he met with her to discuss her case, she was "unable to articulate any facts to assist counsel in her defense or to understand the reasons for the charges against her." Motion for Competency Evaluation (Doc. 40) at 1. The court allowed defense counsel time to arrange for an independent evaluation, and in November 2021 Couch received an evaluation from Dr. Robert Shaffer via videoconferencing, who diagnosed her with depression and bipolar disorder, and determined that she was incompetent to stand trial. *See* Psychological Evaluation by Dr. Shaffer (Doc. 54) at 3.

The court proceeded to schedule a competency hearing. Shortly before the hearing, defense counsel notified the court that Couch had attempted to fire

him.  After discussing the matter with Couch and her counsel, the court determined that she should receive new counsel.  Attorney Taylor withdrew from the case and Vicky Underwood Toles, Esq., was appointed as counsel for Couch.

In the course of discussing the matter of her counsel with Couch, the court observed that she seemed lucid and aware of the role of defense counsel and the court.  On that basis, and because she had yet to receive an in-person psychological evaluation, the court continued the competency hearing and ordered that Couch receive a second, in-person evaluation by Dr. Catherine Boyer.

In March 2022, Dr. Boyer interviewed Couch in person and conducted phone interviews with attorneys Toles and Taylor, and with Couch's sister.  Based on those interviews, as well as Shaffer's evaluation, Boyer diagnosed Couch as having delusional disorder. Couch, according to Boyer, is hypervigilant and sometimes thinks that her thoughts are being broadcast

4

or that others can hear them; that people are filming the inside of her house and showing it on television; that her appearance is different than what she sees in the mirror; and that she is being spied on by the FBI and possibly other unknown entities that are targeting her because of her gender, race, and political beliefs. Boyer also found that Couch has experienced domestic violence at the hands of her current husband, contributing to her hypervigilance, and that once, during a zoom court appearance, she thought she saw something about domestic violence on her screen and became distraught.

Boyer, however, initially did not reach a conclusion regarding Couch's competency.  Rather, she explained that Couch's "factual understanding of the proceedings is intact," but that her delusions and paranoia may prevent her from cooperating with her attorney or participating in court proceedings. Psychological Evaluation by Dr. Boyer (Doc. 80) at 9.

5

On March 30, 2022, the court attempted to hold a competency hearing at which Couch was to be present and Dr. Shaffer and Dr. Boyer were to testify. Couch, however, did not show up. Attorney Toles attempted to contact her via teleconferencing, and Couch accepted the call. However, she did not remain in front of her camera, but proceeded to appear only intermittently, and, despite the court's efforts to communicate with her, remained silent. Upon observing Couch's reluctance to participate, Dr. Boyer testified that her opinion as to Couch's competency had changed, and that she now firmly believed Couch to be incompetent to stand trial. The court issued a bench warrant, and continued the competency hearing until later that day.

Later that afternoon, the court held a competency hearing at which Couch appeared. At this hearing, Couch agreed that she was incompetent to proceed and that she required mental-health treatment. In addition, Boyer clarified that, even before Couch failed to show up for her competency hearing that

morning, she thought that Couch was likely incompetent. That Couch failed to show up--a failure that Boyer attributed to Couch's delusions and fears of being monitored and followed--made her certain as to Couch's incompetency.

## II. COMPETENCY AND RESTORATION

"[I]f there is reasonable cause to believe" that a defendant may currently be mentally incompetent to stand trial, a court may, upon motion of a party or *sua sponte*, order a competency hearing. 18 U.S.C. § 4241(a). "If, after the hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering [her] mentally incompetent to the extent that [s]he is unable to understand the nature and consequences of the proceedings against [her] or to assist properly in [her] defense, the court shall commit the defendant to the custody of the Attorney General," who shall hospitalize the defendant for

treatment.  *Id.* § 4241(d).  An initial treatment period may last "for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future [s]he will attain the capacity to permit the proceedings to go forward."  *Id.* § 4241(d)(1).

Based on the psychological evaluations by Dr. Shaffer and Dr. Boyer, the representations made later during the hearing on March 30, and the court's own observations of Couch, the court concludes that Couch is incompetent to proceed at this time.

Both Shaffer and Boyer agree that Couch is incompetent, as do Couch herself and defense counsel and counsel for the government.  The court notes that although Dr. Boyer stated in her initial evaluation that she was not certain of Couch's incompetency, she later clarified that at the time of her initial evaluation she believed Couch to be likely incompetent.

8

That Couch did not show up at her competency hearing made Boyer certain that Couch is incompetent.

While Couch seems able to understand the facts of her case and the basic workings of the legal process, she is unable to participate voluntarily in court proceedings or communicate with her counsel.  As Dr. Boyer explained in her evaluation and during the competency hearing, Couch suffers from paranoid delusions, including the belief that her thoughts are being broadcast to others, that scenes from her life is being broadcast on television, that she is being followed, and that people are listening to her conversations.  These symptoms have previously caused her to refrain from participating in court proceedings out of concern for her own safety, and have caused her to fail to respond to phone calls and emails in a timely manner, even with her own attorney.  The court has no doubt that these problems will continue to interfere with her participation in this case and her defense unless she receives mental-health treatment.

Accordingly, the court will commit Couch to the custody of the Attorney General for a competency evaluation and competency restoration treatment.

### III.  INSANITY DEFENSE

18 U.S.C. § 4242(a) provides that, "[u]pon the filing of a notice, as provided in Rule 12.2 of the Federal Rules of Criminal Procedure, that the defendant intends to rely on the defense of insanity, the court, upon motion of the attorney for the Government, shall order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court, pursuant to the provisions of section 4247(b) and (c)." 18 U.S.C. § 4242(a).

Here, Couch has provided notice to the government of her intent to pursue an insanity defense under Federal Rule of Criminal Procedure 12.2(a), and the government has filed a motion for an in-person psychiatric or psychological examination concerning

10

Couch's sanity at the time of the alleged offense under Federal Rule of Criminal Procedure 12.2(a).  *See* Govt.'s Motion for Mental Examination (Doc. 71) Accordingly, the court will order an evaluation of Couch's sanity at the time of the alleged offenses. For the sake of efficiency, the court will order that the evaluation of Couch's sanity be done together with the evaluation of her capacity to regain competency.

## IV.   SELF-SURRENDER

Were the court to order Couch to be taken into custody immediately, it is likely that she would sit in jail for anywhere between one and two months before receiving treatment.  During that time she would almost certainly decompensate.  Accordingly, having received assurances from her husband that he will assist her in traveling to the facility and self-surrendering, and from Couch that she understands that if she does not self-surrender, she will be immediately arrested and jailed, the court will allow Couch to self-surrender.

11

\*\*\*

Accordingly, it is ORDERED as follows:

(1) Defendant Zsa Zsa Bouvier Couch is declared mentally incompetent to stand trial in this case and is committed to the custody of the Attorney General of the United States pursuant to 18 U.S.C. § 4241(d).

(2) The Attorney General shall, pursuant to 18 U.S.C. § 4241(d)(1), hospitalize defendant Couch in a suitable facility for such a reasonable period of time, not to exceed four months from the date she surrenders at the appropriate facility, as is necessary to determine whether there is a substantial probability that in the foreseeable future defendant Couch will attain the capacity to permit the proceedings to go forward, including for trial, and, if warranted, sentencing, to proceed.

(3) Defendant Couch is to self-surrender to the facility identified by the Attorney General.

(4) The mental-health personnel supervising defendant Couch's commitment shall produce a final report addressing the following:

(a) Whether in their opinion, there is a substantial probability that in the foreseeable future defendant Couch will attain the capacity to permit the proceedings to go forward;

(b) Pursuant to 18 U.S.C. § 4242, whether in their opinion, at the time of the commission of the alleged acts constituting the offense, defendant Couch, as a result of a severe mental disease or defect, was unable to appreciate the nature and quality of the wrongfulness of her acts; and

(c) Whether in their opinion, at the time of the commission of the alleged acts constituting the offense, defendant Couch had a mental disease or defect or any other mental condition bearing on the issue of guilt.

13

(5)  If the director of the facility in which defendant Couch is hospitalized determines that she has recovered to such an extent that she is able to understand the nature and consequences of the proceedings against her and to assist properly in her defense, he shall promptly file a certificate and report to that effect with the clerk of the court, pursuant to 18 U.S.C. § 4241(e).

(6)  The parties are to arrange for the Forensic Psychological Evaluation of Dr. Catherine L. Boyer (Doc. 80) and the Forensic Psychological Evaluation of Dr. Robert D. Shaffer (Doc. 54) to be furnished to the Bureau of Prisons so that they may be considered by the psychiatrists or psychologists conducting the mental examination of defendant Couch.

DONE, this the 8th day of April, 2022.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE