IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:21cr185-MHT |
| | ) | (WO) |
| ZSA ZSA BOUVIER COUCH | ) | |

OPINION AND ORDER

This case is before the court on defendant Zsa Zsa Bouvier Couch's motion to file an out-of-time appeal.

I. BACKGROUND

Couch has been charged in an indictment with five counts of bank fraud, in violation of 18 U.S.C. §§ 1344(2) and 2; six counts of making false statements to a federally insured bank, in violation of 18 U.S.C. §§ 1014 and 2; and two counts of money laundering, in violation of 18 U.S.C. §§ 1957(a) and 2.

On April 8, 2022, the court entered an order finding Couch incompetent to stand trial and committing

her to the custody of the Attorney General, pursuant to 18 U.S.C. § 4241(d)(1), for an examination to determine whether her competency can be restored. *See United States v. Couch*, 2022 WL 1056418 (M.D. Ala. 2022) (Thompson, J.). However, rather than requiring Couch to be taken into custody immediately, the court allowed her to self-surrender to an appropriate facility designated by the Attorney General. *See id.* The Attorney General designated the Federal Medical Facility Carswell in Fort Worth, Texas, as the facility to which Couch was to self-surrender, and on April 18, 2022, the court entered an order confirming that she was to self-surrender there. *See* Letter from United States Marshals Service (Doc. 90-1) and April 18, 2022 Order (Doc. 90).

On May 10, 2022, Couch filed the pending motion to file an out-of-time appeal of the court's April 8 and April 18 orders, pursuant to Rule 4(b)(4) of the Federal Rules of Appellate Procedure. *See* Motion for

Leave to File Notice of Appeal Out of Time (Doc. 97). The same day, she filed a notice of appeal of the court's April 8 and April 18 orders. *See* Notice of Appeal (Doc. 98).

Under Federal Rule of Appellate Procedure 4(b)(1)(A), the time for filing a notice of appeal in a criminal case is within 14 days of the entry of the judgment or order being appealed. Thus, to appeal the April 8 order, Couch would have had to file a notice of appeal by April 22 and to appeal the April 18 order, she would have had to file a notice of appeal by May 2. Couch did not timely file a notice of appeal of either the court's April 8 order or its April 18 order.[1]

---

1. On May 4, 2022, the court held a status conference at which Couch orally moved for reconsideration of the court's April 18 order requiring her to self-surrender to FMC Carswell, but not the court's finding that she was incompetent. The court denied that motion. *See* May 4, 2022 Order (Doc. 96).

Although a motion for reconsideration of an appealable order in a criminal proceeding will extend the time for filing a notice of appeal if such motion

## II.    DISCUSSION

Rule 4(b)(4) provides that, in a criminal case, "[u]pon a finding of excusable neglect or good cause, the district court may--before or after the time has expired, with or without motion and notice--extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)."  Fed. R. App. P. 4(b)(4).  As the Rule uses the word "may," the court has discretion to grant an extension of time if the other requirements are met.

In *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 388 (1993), the Supreme Court interpreted the term "excusable

---

is filed within the period allotted for filing a notice of appeal, *see United States v. Dieter*, 429 U.S. 6, 8-9 (1976); *see also United States v. Arrate-Rodriguez*, 160 Fed. Appx. 829, 832 (11th Cir. 2005), Couch moved for reconsideration of the court's April 18 order outside the 14-day deadline prescribed by Rule 4(b)(1)(A). Therefore, her motion for reconsideration did not extend the time for filing a notice of appeal.  *See Arrate-Rodriguez*, 160 Fed. Appx. at 832.

neglect" as used in Federal Rule of Bankruptcy Procedure 9006(b)(1), and this court views that interpretation as equally applicable in the context of Rule 4(b)(4).  *See* 16A Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Juris. § 3950.9 (5th ed.) ("Rule 4(b)(4)'s 'excusable neglect' standard should be interpreted in the light of the Supreme Court's discussion of Federal Rule of Bankruptcy Procedure 9006(b)(1)'s similar standard in the *Pioneer Investment* case.").  The Court explained that the term "neglect" encompasses "both simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Pioneer Investment*, 507 U.S. at 388.  By using the term "neglect," the Supreme Court explained, "Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Id.* at 388.

As for whether neglect is "excusable," the Supreme Court opined that the decision "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* at 395. These include "the danger of prejudice to the [non-movant], the length of the delay and its potential impact upon judicial proceedings, the reason for the delay, including whether it was in the reasonable control of the movant, and whether the movant acted in good faith." *Id.*

Here, this court finds that Couch's failure to file a notice of appeal in a timely fashion was the result of neglect. Couch explains in her motion that her attorney did not advise her of her right to appeal the court's April 8 and April 18 orders, did not advise her of the 14-day deadline for doing so, and did not discuss with her the advantages and disadvantages of filing such an appeal. Because of her attorney's inadvertence, she did not know to file her notice of

6

appeal within the 14 days prescribed by Federal Rule of Appellate Procedure 4(b)(1)(A).

The court also finds that Couch's neglect is excusable. In determining whether the respondents' neglect in *Pioneer* was excusable, the Supreme Court "accorded primary importance to the absence of prejudice to the nonmoving party and to the interest of efficient judicial administration." *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996). Here, both of those factors weigh in Couch's favor. She is currently in the custody of the Attorney General, and she has not moved to be released pending her appeal. In granting her motion, therefore, the court would in no way delay the process of determining whether her competency can be restored, or in any way undermine its shared interest with the government "in resolving the case in a timely fashion." Govt's Response to Motion for Leave to File Notice of Appeal Out Of Time (Doc. 111) at 9.

The other *Pioneer* factors weigh in Couch's favor as well. There is no evidence, for instance, that "counsel deliberately disregarded [Federal Rule of Appellate Procedure 4(b)(1)(A)]," or that Couch "intended to delay [her] trial, or that [she] sought an advantage by filing late." *Cheney*, 71 F.3d at 850. To the contrary, the court finds Couch's attorney's mistake to have been entirely honest.[2] And, as explained above, Couch's did not stand to delay the process of determining whether her competency can be restored by filing her notice of appeal late.

Finally, the court notes that, while the government argues that the court's orders finding Couch incompetent and committing her to the custody of the

---

2. The court appointed Couch's current attorney, Vicky Toles, after Couch's relationship with a previous court-appointed attorney deteriorated beyond the point of repair. Although Toles neglected to inform Couch of her right to appeal the court's order finding her incompetent and committing her to the custody of the Attorney General, her performance in this exceptionally difficult case has been, in all other respects, exemplary.

Attorney General to determine restorability are unappealable, this argument is foreclosed by Eleventh Circuit precedent.  In *United States v. Donofrio*, 896 F.2d 1301, 1303 (11th Cir. 1990), the Eleventh Circuit Court of Appeals held that it had jurisdiction over an appeal of a district court's order committing a defendant to the custody of the Attorney General for restoration, pursuant to 18 U.S.C. § 4241(d), explaining that, "[a]lthough jurisdiction of this appeal was questioned by the Court, it appears that both parties are correct in arguing that we have jurisdiction under 28 U.S.C.A. § 1291 and the 'collateral order' doctrine, *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949), as more fully set forth in *United States v. Gold*, 790 F.2d 235 (2d Cir. 1986)."[3]

---

3. For reasons the court cannot fathom, the government fails to cite *Donofrio* in its response to Couch's motion.  Instead, it cites *United States v. McNeal*, 2021 WL 4279575 (11th Cir. 2021), as well as

9

\*\*\*

two out-of-circuit cases--*United States v. No Runner*, 590 F.3d 962 (9th Cir. 2009), and *United States v. Perea*, 977 F.3d 1297 (10th Cir. 2020)--for the proposition that the court's orders finding Couch incompetent and committing her to the custody of the Attorney General to determine restorability are unappealable. None of these cases, however, is on point. In *McNeal*, the Eleventh Circuit held that "[a]n order denying immediate release and dismissal of an indictment pending a determination of a defendant's competency to stand trial" is not appealable, as it does not "'end the litigation on the merits and leave nothing for the court to do but execute the judgment.'" 2021 WL 4279575, at \*2 (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978) (internal alterations omitted)). But it did not question, and in fact affirmed, that an order "depriv[ing] [a defendant] of liberty to undergo an inpatient competency evaluation" is one that resolves "an important question that would be effectively unreviewable after final judgment," and is therefore an appealable interlocutory order. *Id.* at \*3 (citing *Donofrio*, 896 F.2d at 1302-03). And in *No Runner* and *Perea*, the Ninth and Tenth Circuit Courts of Appeals, respectively, held that an order finding that a defendant *is* competent and *must* proceed to trial is not appealable, because it is not effectively unreviewable on appeal from a final judgment. *See No Runner*, 590 F.3d at 964; *Perea*, 977 F.3d at 1300. By contrast, an order finding a defendant incompetent to stand trial and committing her for hospitalization *is* effectively unreviewable on appeal from a final judgment, because, regardless of whether the defendant were later found competent, tried, or convicted, "nothing could recover for the defendant the time lost during [her] confinement." *United States v. Gold*, 790 F.2d 235, 239 (2d Cir. 1986).

Accordingly, it is ORDERED that defendant Zsa Zsa Bouvier Couch's motion to file an out-of-time appeal (Doc. 97) is granted.

DONE, this the 31st day of May, 2022.

                                     /s/ Myron H. Thompson
                              UNITED STATES DISTRICT JUDGE