IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )    CRIMINAL ACTION NO.
     v.                     )       2:21cr185-MHT
                            )           (WO)
ZSA ZSA BOUVIER COUCH       )
```

ORDER

Defendant Zsa Zsa Bouvier Couch was charged in a 13-count indictment concerning her alleged involvement in a "scheme ... to defraud financial institutions." Indictment (Doc. 1) at 20.

The question presented to the court at an in-person hearing on February 28, 2023, is whether Couch has the mental capacity to stand trial, that is, whether she currently has a mental disease or defect rendering her mentally incompetent to the extent that she is unable to understand the nature and consequences of the proceedings against her or to assist properly in her own defense. *See* 18 U.S.C. § 4241(a). After two previous psychological evaluations, *see* Psych. Evaluation (Doc. 54) (Dr. Shaffer); Psych. Evaluation (Doc. 80) (Dr.

Boyer), and an in-person hearing in March 2022, the court found Couch "mentally incompetent to stand trial" and committed her "to the custody of the Attorney General for a competency evaluation and competency restoration treatment." *United States v. Couch*, No. 2:21cr185-MHT, 2022 WL 1056418, at *3 (M.D. Ala. 2022) (Thompson, J.).

This third psychological evaluation was performed by Dr. Amor Correa while Couch was in the custody of the federal Bureau of Prisons. In a report dated December 29, 2022, Dr. Correa found that Couch "is currently competent to stand trial" and that "[s]he is not suffering from a mental disease or defect which would render her unable to understand the nature and consequences of the proceedings against her, to assist properly in her own defense, or to understand the consequences and significance of pleading guilty to the charges against her." Evaluation (Doc. 136) at 9.

More specifically, Dr. Correa found that Couch currently has no diagnosable mental-health disorder or condition. *See id.* at 8. (He did note, however, that

2

she likely met criteria for Adjustment Disorder with Mixed Disturbance of Emotions and Conduct during her initial hearings and interactions with attorneys.  *See id.*)

Based on Couch's time being observed, Dr. Correa reported that: She "has not demonstrated or reported significant symptoms of anxiety, depression, traumatic responses, or paranoia, despite not being treated with psychiatric medication.  Diagnoses of Adjustment Disorders indicate an individual has developed emotional symptoms in response to an identifiable stressor.  In Ms. Couch's case, she exhibited symptoms of depression, anxiety, and paranoia around COVID-19, the COVID-19 shut-down, and her impending divorce.  Ms. Couch's emotional distress and behavioral outbursts were primarily based on her marital and legal problems at the time.  Currently, she appears to be coping well."  *Id.* at 8.

With regard to previous diagnoses, Dr. Correa reviewed the reports by Dr. Shaffer and Dr. Boyer and

3

concluded that, at present, "Ms. Couch presented with no symptoms of bipolar disorder or delusional disorder during this evaluation and [because] she was not taking mood stabilizing or antipsychotic medication, it is likely that any previous symptoms of PTSD or bipolar disorder are, instead, better accounted for by the emotional dysregulation she experienced during the timeframe of the situational stressors" and that "her condition improved over the course of the evaluation and she did exceedingly well in competency restoration class." *Id*. at 9. He further found that: "She has demonstrated the ability to retain legal and Court concepts and apply these concepts to her own case in a rational manner. In addition, she has displayed no psychological deficient that would prevent her from assisting her attorney in her defense." *Id.*

Couch appeared in person at a competency hearing on February 28, 2023, where all parties agreed to court relying on Dr. Correa's findings.

Therefore, based on the contents of two in-person hearings in March 2022 and February 2023 and three psychological reports, including that of Dr. Correa, the court concludes, after an independent evaluation of the evidence, that pursuant to 18 U.S.C. § 4241(a) Couch does not currently have a mental disease or defect such that she is unable to understand the nature and consequences of the proceedings against her or to assist properly in her defense.

\*\*\*

Accordingly, it is ORDERED that defendant Zsa Zsa Bouvier Couch is declared mentally competent to stand trial in this case.

DONE, this the 1st day of March, 2023.

    /s/ Myron H. Thompson
    **UNITED STATES DISTRICT JUDGE**