IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:21cr185-MHT |
| | ) | (WO) |
| ZSA ZSA BOUVIER COUCH | ) | |

ORDER MAKING SPEEDY TRIAL ACT FINDINGS
AND RESETTING CASE

This case is before the court regarding the date for the retrial following the June 23, 2023, mistrial.  Based on the representations made by counsel on the record on June 23, 2023, the court reset the jury selection and retrial of this case for September 11, 2023, at 10:00 a.m. in Courtroom 2FMJ of the Frank M. Johnson, Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.  This order memorializes the court's findings under the Speedy Trial Act, 18 U.S.C. § 3161.  In addition, based on the representations made during a status conference on the record on August 18, 2023, the court will continue the trial of this matter to September 25, 2023.

While the granting of a continuance is left to the sound discretion of the trial judge, see *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> If the defendant is to be tried again following a declaration by the trial judge of a mistrial or following an order of such judge for a new trial, the trial shall commence within seventy days from the date the action occasioning the retrial becomes final.

§ 3161(e). Here, a mistrial was declared on June 23, 2023. Without an exclusion, the retrial would have to commence by September 1, 2023.

The Speedy Trial Act excludes from the 70-day period any period of delay resulting from a continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A).* In

---

* The Act makes clear that "[t]he periods of delay enumerated in section 3161(h) are excluded in computing the time limitations" when a retrial is to occur after a mistrial, not solely when a case is first set for trial. 18 U.S.C. § 3161(e).

granting a continuance under subsection (h)(7)(A), the court may consider, among other factors, whether the failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," § 3161(h)(7)(B)(iv).

The court concluded that, in this case, the ends of justice served by granting a continuance outweighed the interest of the public and Couch in a speedy trial. Couch's attorney represented that she had a serious medical issue that required major surgery, and she had already postponed the surgery until after the initial trial of this case. She was scheduled to have the surgery done in July 2023, and needed a significant period of recuperation after the surgery before returning to the practice of law. Given these circumstances, she would not be ready to retry the case until the court's September 11, 2023, trial term. The court found a continuance

until September 11, 2023, necessary to allow defense counsel sufficient time to recuperate and prepare effectively to retry the case. Therefore, the time from June 23 to September 11 is excluded from the 70-day speedy trial period.

During the on-the-record status conference on August 18, 2023, the court proposed moving the trial to September 25, 2023. As both parties agreed to the brief continuance, and the 70-day period has not expired, the court will reset the trial for that date.

***

Accordingly, it is ORDERED that the jury selection and trial, now set for September 11, 2023, are reset for September 25, 2023, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson, Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

DONE, this the 21st day of August, 2023.

    /s/ Myron H. Thompson
    UNITED STATES DISTRICT JUDGE